David K. W. Wilson, Jr.
REYNOLDS, MOTL and SHERWOOD, P.L.L.P.
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261
kwilson@rmslaw.net
*Attorney for Plaintiff Kevin Pigman*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KEVIN R. PIGMAN<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, and FIRST INTERSTATE BANK<br><br>Defendants. | Cause No. CV-09-65-H-DWM<br><br><br>**COMPLAINT** |

COMES NOW Plaintiff Kevin R. Pigman (Pigman), through counsel, and for cause of action against Defendants Experian Information Solutions, Inc., TransUnion and First Interstate Bank, states the following:

**PARTIES**

1

1. Plaintiff Kevin Pigman is a resident of Helena, Lewis and Clark County, Montana.

2. Defendant Experian Information Solutions, Inc. (Experian), a national credit reporting agency headquartered in California, is a foreign corporation registered to do business in the State of Montana.

3. Defendant TransUnion, LLC (TransUnion), is a foreign corporation duly registered to do business in the State of Montana.

4. Defendant First Interstate Bank (First Interstate) is a National Bank doing business in Montana.

## VENUE AND JURISDICTION

5. Experian and TransUnion are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act. First Interstate is a "furnisher" of information, as that term is used at 15 U.S.C. § 1681s-2. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to Mr. Pigman pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable federal statutes. Additionally, Defendants are liable to Mr. Pigman pursuant to the laws of the State of

2

Montana, which claims may be brought under the pendant jurisdiction of this Court.

6. Venue is proper in the Helena Division, pursuant to Rule 3.1, Local Rules of Procedure in that Mr. Pigman resides in Helena, Lewis and Clark County, Montana.

## FACTS

7. Mr. Pigman, who is employed with the military in Helena, was married to Miae Pigman. In April, 2002, he and Ms. Pigman divorced and she returned to her maiden name, Miae Yim.

8. On or around June 25, 2002, Ms. Yim entered into a contract to purchase a vehicle with Power Chevrolet in Helena, Montana. She financed the purchase through a purchase money security interest with First Interstate Bank. Either Ms. Yim, or somebody else involved in the sale, forged Mr. Pigman's name on the loan document. Mr. Pigman was not involved in the sale, was not at Power Chevrolet that day, and did not consent being co-obligor on the loan.

9. At some point, Ms. Yiam became delinquent on the loan. In September, 2007, Transworld Systems, a collection agency, filed a lawsuit against Mr. Pigman seeking to collect the debt. Mr. Pigman responded by providing Transworld Systems with an affidavit describing that his name

3

had been forged and that he had nothing to do with the purchase. As a result, Transworld dismissed the lawsuit, and all collection efforts have ceased.

10. In 2009, Mr. Pigman realized that the collection agencies were listing the First Interstate account as an adverse record. He disputed the account to all three credit reporting agencies. Equifax removed it, but both Experian and TransUnion have declined to remove the delinquent account.

11. At the time that Mr. Pigman disputed the First Interstate account, Experian and TransUnion provided the dispute to First Interstate for it to investigate and report back to Experian and TransUnion.

12. On information and belief, Mr. Pigman believes that First Interstate confirmed the debt was Mr. Pigman's back to Experian and TransUnion.

13. In response to the disputes, neither Experian nor TransUnion have removed the First Interstate account from Mr. Pigman's credit reports.

14. Mr. Pigman has been harmed by the Defendants' actions. His damages include, but are not limited to, damage to his credit and attorney fees for having to initiate this action to clear his credit reports.

*CAUSES OF ACTION AGAINST EXPERIAN AND TRANSUNION*

### Count One – Violation of Fair Credit Reporting Act

15. The previous paragraphs are realleged as though set forth in full hereunder.

16. Defendants Experian and TransUnion have violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act by negligently and/or willfully failing to perform a reasonable investigation of Mr. Pigman's disputes of the fraudulent and inaccurate account appearing on his credit reports.

17. Experian and TransUnion have also willfully and/or negligently violated 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding Mr. Pigman.

18. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, Experian's and TransUnion's actions in negligently violating the Fair Credit Reporting Act entitle Mr. Pigman to recovery for his actual damages as well as attorneys' fees and costs. In addition, Experian's and TransUnion's actions in willfully violating the Fair Credit Reporting Act entitle Mr. Pigman to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

## Count Two - Negligence

19. The preceding paragraphs are realleged as though set forth in full hereunder.

20. Experian and TransUnion failed to act in a reasonably workmanlike or skillful manner and/or otherwise acted negligently as set forth herein. Their negligent acts include, but are not limited to: their inaccurate reporting of accounts that did not belong to Mr. Pigman on Mr. Pigman's credit reports; and their failure to correct the inaccurate reports after Mr. Pigman had disputed them.

21. Experian and TransUnion reported the false information concerning Mr. Pigman on credit reports with reckless disregard of whether or not the statements made were false.

22. Experian and TransUnion are liable to Mr. Pigman for their negligent acts.

### Count Three - Montana Consumer Protection Act

23. The preceding paragraphs are realleged as though set forth in full hereunder.

24. The Montana Consumer Protection Act, § 30-14-101, et seq., MCA, prohibits unfair or deceptive acts or practices in Montana.

25. Experian's and TransUnion's unfair or deceptive acts or practices in this case include, but are not limited to: inaccurate reporting of fraud accounts on Mr. Pigman's credit report that did not belong to him; refusals to conduct a reasonable investigation and correct the incorrect

information being reported on Mr. Pigman's credit reports; and their continuing, ongoing, willful and intentional refusal to fully correct Mr. Pigman's credit reports and all the information contained therein.

26. Pursuant to § 30-14-133, MCA, Mr. Pigman is entitled to actual damages, treble damages and attorneys fees.

## *CAUSES OF ACTION AGAINST FIRST INTERSTATE*

### Count Four– Negligent and/or Willful Violations of the Fair Credit Reporting Act

27. The preceding paragraphs are realleged as though set forth in full hereunder.

28. After receiving a consumer dispute from a consumer reporting agency, a creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681 s (2)(B).

29. Following disputes by Mr. Pigman in 2009, Experian and TransUnion conveyed Mr. Pigman's disputes to First Interstate by computer or otherwise. First Interstate failed to conduct a reasonable reinvestigation of Mr. Pigman's purported account, failed to change its reports, and continued to inaccurately report the status of Mr. Pigman's account to credit reporting agencies and to Mr. Pigman.

30. First Interstate is liable to Mr. Pigman for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

## Count Five - Negligence

31. The preceding paragraphs are realleged as though set forth in full hereunder.

32. First Interstate was negligent and/or grossly negligent in its handling of the fraudulent Pigman account, and demonstrated a want of ordinary skill in managing its affairs, in its failure to reasonably investigate and respond to Mr. Pigman's disputes, in its failure to use reasonable care in opening and administering its account and its collection activities against Mr. Pigman, and in attempting to collect, and reporting inaccurately to credit reporting agencies. In doing so, they violated their duty to Mr. Pigman.

33. First Interstate's negligent and/or gross negligent actions caused damage to Mr. Pigman as set forth herein.

## Count Six – Violation of Montana Consumer Protection Act

34. The preceding paragraphs are realleged as though set forth in full hereunder.

35. This action is subject to the Montana Consumer Protection Act, §§ 30-14-101, et seq., MCA.

8

36. Section 30-14-103, MCA, prohibits unfair or deceptive acts or practices.

37. First Interstate engaged in numerous unfair or deceptive acts or practices, including, but not limited to:

    a. Failing to properly reinvestigate Mr. Pigman's dispute;

    b. Attempting to collect against Mr. Pigman a debt that he did not owe; and

    c. by means of credit reporting efforts, using deceptive actions and intimidation to harass Mr. Pigman.

38. First Interstate is liable, under § 30-14-133, MCA, for Mr. Pigman's actual damages, three times his actual damages, and his attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. For actual damages;

2. For treble actual damages, pursuant to § 30-14-133, MCA;

3. For attorneys fees and costs, pursuant to 15 U.S.C. 1681n & o, and § 30-14-133, MCA;

4. For punitive damages, pursuant to 15 U.S.C. 1681n and § 27-1-221, MCA;

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., the Plaintiff hereby demands a trial by jury of the issues triable by right by jury.

DATED this 28th day of October, 2009.

By   /s/ David K. W. Wilson, Jr.
       David K. W. Wilson, Jr.
       Reynolds, Motl and Sherwood, P.L.L.P.
       Attorney for Plaintiff

## VERIFICATION

STATE OF MONTANA              )
                              : ss.
County of Lewis and Clark     )

KEVIN PIGMAN, being first duly sworn, deposes and states as follows:

That he is the Plaintiff in the foregoing case, that he has read the Complaint, knows the contents thereof, and that the facts and matters contained therein are true, accurate, and complete to the best of his knowledge and belief.

_____
KEVIN PIGMAN

On this 27 day of October, 2009, before me, a notary public, personally appeared Kevin Pigman, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same.



_____
Notary Public for the State of Montana
Residing at _____
My commission expires _____

JAMI WELCH
NOTARY PUBLIC for the
State of Montana
Residing at Townsend, MT
My Commission Expires
May 16, 2013