JEFFERY J. OVEN
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
P. O. Box 2529
Billings, MT        59103-2529
Telephone:   (406) 252-3441
Fax:             (406) 252-5292
joven@crowleyfleck.com

DANIELLE A. R. COFFMAN
CROWLEY FLECK PLLP
431 1st Avenue West
P.O. Box 759
Kalispell, MT  59903-0759
Telephone:  (406) 752-6644
Fax:             (406) 752-5108
dcoffman@crowleyfleck.com

*Attorneys for Defendant First Interstate Bank*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| KEVIN R. PIGMAN, | ) | Case No.:  CV-09-65-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **BRIEF IN SUPPORT OF FIRST** |
| EXPERIAN INFORMATION | ) | **INTERSTATE BANK'S RULE** |
| SOLUTIONS, INC., TRANSUNION, | ) | **12(b)(6) MOTION TO DISMISS** |
| and FIRST INTERSTATE BANK | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

Plaintiff Kevin R. Pigman ("Pigman") has brought suit against First Interstate Bank ("FIB") alleging violations of the Fair Credit Reporting Act ("FCRA") and Montana Consumer Protection Act, as well as common law negligence. These claims are all based on the allegations that FIB failed to reasonably investigate and respond to Pigman's credit disputes and inaccurately furnished credit information to credit reporting agencies. (Complaint ¶¶ 28-29, 32, 37.) Under the express language of the FCRA, Pigman's state law claims are preempted and must be dismissed.

## BACKGROUND

Kevin Pigman alleges that he and his wife Miae divorced in April 2002, and that Miae or someone else forged Pigman's name on a FIB loan document in connection with Miae's purchase of an automobile from Power Chevrolet in June 2002. (Complaint ¶ 8.) Pigman alleges that he was not involved in the sale and did not consent to being co-obligor on the loan. Id. Pigman alleges that in 2007, after a collection agency filed suit against him, he submitted an affidavit to the collection agency claiming his name had been forged on the loan documents. Id. ¶ 9. Next, Pigman alleges that in 2009 he "realized that the collection agencies were listing the First Interstate account as an adverse record." Id. ¶ 10. Thus, he allegedly disputed the account to all three credit reporting agencies. Id. ¶ 10.

FIB records reflect that it had multiple conversations with Pigman in 2003-2004 relating to the loan and the automobile, and that Pigman at no time indicated that he was not liable on the debt, that his wife had forged his name on loan documents or that FIB should not contact him or discuss the loan with him. In fact, many calls between FIB and Pigman were initiated by Pigman for the purpose of conveying information about the loan or the automobile itself. Pigman made statements to FIB supporting its understanding that Pigman was, in fact, a co-obligor on the loan and liable for payments.[1]

More than five years later, Pigman has brought suit against FIB under the Fair Credit Reporting Act and two state law claims: common law negligence and violation of the Montana Consumer Protection Act. Pigman's claim for negligence relates to FIB's alleged "failure to reasonably investigate and respond to Mr. Pigman's disputes" and "reporting inaccurately to credit reporting agencies." Id. ¶ 32. Similarly, Pigman's claim under the Montana Consumer Protection Act relates to FIB's alleged failure to "properly reinvestigate Mr. Pigman's dispute" and "by means of credit reporting efforts, using deceptive actions and intimidation to harass Mr. Pigman." Id. ¶ 37. Pigman's state law claims allege injury arising from the

---

[1] The factual merits of Pigman's claims against FIB are not pertinent to FIB's motion to dismiss. This summarized information is provided by way of background.

reporting of credit information by a furnisher of credit, therefore they are completely preempted as a matter of law.

## ARGUMENT

### I. FCRA PREEMPTS PIGMAN'S STATE LAW CLAIMS

Pigman has alleged a violation of the Fair Credit Reporting Act.  See 15 U.S.C. § 1681 et seq.  Section 1681t of the FCRA is entitled "Relation to State Laws" and reads:

> (b)  **No requirement or prohibition may be imposed under the laws of any State** –
>
> (1) with respect to any subject matter regulated under -
> . . . .
> (F)  Section 1681s-2 of this title, **relating to the responsibilities of persons who furnish information to consumer reporting agencies**, . . . .

(emphasis added).

In this case, Pigman has alleged that FIB furnished incorrect and inaccurate information to a credit agency and failed in its responsibilities to reasonably investigate his claims of fraud.  (See Complaint ¶¶ 27-30, 32, 37.)   In addition to directly claiming violations of the FCRA, Pigman alleges negligence resulting from "its failure to reasonably investigate and respond to Mr. Pigman's disputes. . . and reporting inaccurately to credit reporting agencies." Id. ¶ 32.  Additionally, Pigman alleges a violation of the Montana Consumer Protection Act for "failing to

properly reinvestigate Mr. Pigman's dispute" and "by means of credit reporting efforts. . . ." Id. ¶ 37.

Both Pigman's negligence and Montana Consumer Protection Act claims are directly related "to the responsibility of persons who furnish information to consumer reporting agencies. . . ." See 15 U.S.C. §§ 1681t, 1681s-2. As a result, both state law causes of action are preempted. 15 U.S.C. § 1681t.

In <u>Royal v. Equifax et al.</u>, 405 F. Supp. 2d 1177, 1181-82 (E.D. Cal 2005), the plaintiff, like the Plaintiff here, claimed that defendants "caused them injury by falsely furnishing and reporting negative credit information." The <u>Royal</u> Court discussed the FCRA and preemption at length as follows:

> Through the FCRA, Congress has elected to establish a scheme of uniform requirements regulating the use, collection and sharing of consumer credit information. In order to maintain this uniformity, Congress included express preemption clauses in the FCRA relating to various aspects of consumer credit reporting. One area Congress has chosen to preempt is the regulation of furnishers of credit information.
> . . . .
> On its face, the FCRA precludes all state statutory or common law causes of action that would impose any "requirement or prohibition" on the furnishers of credit. Because Plaintiffs' State Claims are based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, they are completely preempted. Several courts that have analyzed this preemption clause concur. See, e.g., <u>Jaramillo v. Experian Info. Solutions, Inc.</u>, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001) ("It is clear . . . that Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish [credit] information"); <u>Hasvold v. First USA Bank</u>, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002) ("federal law under the FCRA preempts plaintiff's claim [for defamation and

> invasion of privacy] against the defendant relating to it as a furnisher of information"); Riley v. Gen. Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002) (finding preemption of state tort claims for negligence, defamation, invasion of privacy and outrage).
>
> Because Plaintiffs State claims arise solely from the allegation that Rickenbacker reported erroneous credit information to the national CRAs as a furnisher of credit, FCRA information to the national CRAs as a furnisher of credit, FCRA preempts Plaintiffs' State Claims in their entirety. Thus, Plaintiffs' State Claims are dismissed without leave to amend.

Id. (footnote omitted); See also Nelson v. Equifax Information Services, LLC, 522 F. Supp. 2d 1222, 1234 (C.D. Cal. 2007) ("the plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting"); Hasvold v. First USA Bank, N.A., 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002) ("it is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies'").

    There can be no question that Pigman's state-law claims of negligence and violation of the Montana Consumer Protection Act must be dismissed with prejudice as preempted by the FCRA. Pigman's claim for negligence relates to FIB's alleged "failure to reasonably investigate and respond to Mr. Pigman's disputes" and "reporting inaccurately to credit reporting agencies." (Complaint ¶ 32.) Similarly, Pigman's claim under the Montana Consumer Protection Act

relates to FIB's alleged failure to "properly reinvestigate Mr. Pigman's dispute" and "by means of credit reporting efforts, using deceptive actions and intimidation to harass Mr. Pigman."  Id. ¶ 37.  Pigman's state law claims allege injury arising from the reporting of credit information by a furnisher of credit, therefore they are completely preempted.  Roybal, 405 F. Supp. 2d at 1181.  Accordingly, FIB's motion should be granted and Counts Five and Six of the Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## CONCLUSION

Because the claims are preempted by the Fair Credit Reporting Act, Counts Five and Six of the Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Dated this 23rd day of December, 2009.

        CROWLEY FLECK, PLLP

        By  /s/ Danielle A. R. Coffman

        DANIELLE A. R. COFFMAN
        P.O. Box 759
        Kalispell, MT 59903-0759

        Attorneys for Defendant First Interstate Bank

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2) of the United States Local Rules, I certify that this Brief is limited to 6500 words, excluding caption and certificates of service and compliance, printed in at least 14 points and is double spaced, except for footnotes and indented quotations.

DATED this 23rd day of December, 2009.

        CROWLEY FLECK, PLLP

        By  /s/ Danielle A. R. Coffman

        DANIELLE A. R. COFFMAN
        P.O. Box 759
        Kalispell, MT 59903-0759

        Attorneys for Defendant First Interstate Bank

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 23, 2009, a copy of the foregoing document was served on the following person by the following means:

  1, 2, 3 CM/EMF
  _____ Hand Delivery
  _____ First Class U.S. Mail
  _____ Overnight Delivery Service
  _____ Fax
  _____ E-mail

1. David K. W. Wilson, Jr.
    REYNOLDS, MOTL and SHERWOOD, PLLP
    401 North Last Chance Gulch
    Helena, MT 59601
    kwilson@rmslaw.net
    Attorney for Plaintiff Kevin Pigman

2. Sara S. Berg
    Browning, Kaleczyc, Berry & Hoven
    PO Box 1697
    Helena, MT 59624-1697
    sara@bkbh.com

    Laura K. Rang
    SCHUCKIT & ASSOCIATES
    10 West Market Street
    30th Floor, Market Tower
    Suite 3000
    Indianapolis, IN 46204
    317-363-2400
    317-363-2257 (fax)
    lrang@schuckitlaw.com

    Attorneys for Defendant Transunion

3.  Tom Singer
    Axilon Law Group, PLLC
    P O Box 987
    Billings, MT 59103-0987
    406-294-9466
    406-294-9468 (fax)
    tsinger@axilonlaw.com
    Attorney for Defendant Experian Information Solutions, Inc.

                               By /s/ Danielle A. R. Coffman
                               DANIELLE A. R. COFFMAN
                               Attorneys for Defendant First
                               Interstate Bank