JEFFERY J. OVEN
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
P. O. Box 2529
Billings, MT      59103-2529
Telephone:  (406) 252-3441
Fax:          (406) 252-5292
joven@crowleyfleck.com

DANIELLE A. R. COFFMAN
CROWLEY FLECK PLLP
431 1st Avenue West
P.O. Box 759
Kalispell, MT  59903-0759
Telephone:  (406) 752-6644
Fax:          (406) 752-5108
dcoffman@crowleyfleck.com

*Attorneys for Defendant First Interstate Bank*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KEVIN R. PIGMAN, | Case No.:  CV-09-65-H-DWM |
| Plaintiff, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, and FIRST INTERSTATE BANK, | **FIRST INTERSTATE BANK'S ANSWER TO FIRST AMENDED COMPLAINT** |
| Defendants. | |

_____

First Interstate Bank ("FIB"), by and through counsel, submits the following response to Kevin R. Pigman's Complaint:

## ANSWER

### PARTIES

1. FIB is without information sufficient to admit or deny the allegations set forth in paragraphs 1-3 of the Complaint and therefore denies the same.

2. Answering paragraph 4 of the Complaint, FIB admits that it does business in Montana but denies that it is a National Bank. FIB affirmatively states that it is a Montana state chartered bank.

### VENUE AND JURISDICTION

3. Answering paragraph 5 of the Complaint, upon information and belief FIB admits the first sentence. Answering the second sentence of paragraph 5, FIB admits that it is a furnisher of credit information but denies liability under 15 U.S.C. § 1681s-2. Answering the third and fourth sentences of paragraph 5, FIB admits that this Court has jurisdiction. Answering the fifth and sixth sentences of paragraph 5, FIB denies these allegations.

4. FIB is without information sufficient to admit or deny the allegations set forth in paragraph 6 of the Complaint and therefore denies the same.

## FACTS

5.     FIB is without information sufficient to admit or deny the allegations set forth in paragraphs 7-9 of the Complaint and therefore denies the same.

6.     Answering the allegations set forth in paragraph 10 of the Complaint, FIB admits the first sentence.  FIB is without information sufficient to admit or deny the remaining allegations set forth in the second sentence of paragraph 10 of the Complaint and therefore denies the same.

7.     FIB is without information sufficient to admit or deny the allegations set forth in the first sentence of paragraph 11 of the Complaint and therefore denies the same.  Upon information and belief, FIB admits the allegations set forth in the second sentence of paragraph 11 of the Complaint.  Answering the third sentence of paragraph 11, FIB is without sufficient information to admit or deny this allegation and therefore denies the same.

8.     Answering paragraph 12 of the Complaint, FIB admits that it received, electronically, notifications from the credit reporting agencies.

9.     Answering paragraph 13 of the Complaint, FIB is without information sufficient to admit or deny what Mr. Pigman believes but denies that FIB "confirmed to Experian and TransUnion that the debt was Mr. Pigman's."

10.    Answering paragraph 14 of the Complaint, FIB is without information sufficient to admit or deny this allegation and therefore denies the same.

11.   FIB denies the allegations set forth in paragraph 15 of the Complaint.

## CAUSES OF ACTION AGAINST EXPERIAN AND TRANSUNION

12.   Paragraphs 16-23 are directed towards other defendants, and a response from FIB to these paragraphs is not appropriate or required.  To the extent that a response from FIB is required, FIB denies these allegations.

## CAUSES OF ACTION AGAINST FIRST INTERSTATE

### Count Three – Negligent and/or Willful Violations of the Fair Credit Reporting Act

13.   Paragraph 24 is a statement incorporating and realleging prior allegations.  FIB incorporates and realleges prior answers.

14.   Answering Paragraph 25 of the Complaint, FIB denies that this is a complete and accurate statement of law.

15.   Answering paragraph 26 of the Complaint, FIB admits the first sentence and denies the second sentence.

16.   FIB denies the allegations set forth in paragraph 27 of the Complaint.

### Count Four – Violation of Montana Consumer Protection Act

17.   Paragraph 28 is a statement incorporating and realleging prior allegations.  FIB incorporates and realleges prior answers.

18.   FIB denies the allegation set forth in paragraph 29 of the Complaint.

19.   FIB admits the statement of law set forth in paragraph 30 of the Complaint but denies that it has applicability in this case.

20. FIB denies the allegations set forth in paragraphs 31-32 of the Complaint.

21. FIB denies each and every allegation contained in Plaintiff's Complaint not heretofore specifically admitted, denied or qualified.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim under the Montana Consumer Protection Act is preempted by the Fair Credit Reporting Act.

2. The Complaint does not state facts sufficient to constitute a cause of action against FIB.

3. Plaintiff, by his actions, ratified the loan documents allegedly signed by his ex-wife.

4. Plaintiff, other parties and third persons not parties to this action were legally responsible, or otherwise at fault, in whole or in part, for the damages alleged in Plaintiff's Complaint.

5. Plaintiff has failed to mitigate his damages.

6. The doctrines of laches, unclean hands and estoppel bar recovery by the Plaintiff.

7. Plaintiff has failed to exhaust remedies and procedures available at law.

8. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

9. Any claim for exemplary or punitive damages asserted by Plaintiff violates FIB's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

10. FIB hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or other proceedings and thus reserves the right to amend this list to assert such other defenses to which it may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, FIB prays for the following relief:

1. That Judgment be entered in its favor;

2. That Plaintiff's Complaint be dismissed with prejudice;

3. That Plaintiff takes nothing by his Complaint against FIB;

4. That the Court award FIB its fees and costs; and

5. The Court grant such other and further relief as the Court deems just and proper.

Dated this 26th day of January, 2010.

          CROWLEY FLECK, PLLP

          By  /s/ Danielle A. R. Coffman

            DANIELLE A. R. COFFMAN
            P.O. Box 759
            Kalispell, MT 59903-0759

          Attorneys for Defendant First Interstate Bank